PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1991 Plymouth Acclaim struck a hole while he was traveling on Route 52 near Bluewell, Mercer County. Route 52 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
*133 The incident giving rise to this claim occurred between 7:15 p.m. and 7:30 p.m. on August 18, 2005. Route 52 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he noticed a vehicle in the oncoming lane that was traveling close to the center line. Mr. Levitt stated that he drove his vehicle to the side of the road to avoid the oncoming vehicle and that when he did so, his vehicle struck a hole in the road. Claimant testified that he knew the hole was there prior to his vehicle striking it and that it was approximately two and a half to three feet long, two to two and a half feet wide, and six inches deep. Claimant’s vehicle sustained damage to the front right tire totaling $98.76.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 52 at the site of the claimant’s accident for the date in question. Respondent did not present any witnesses or evidence at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. However, the evidence established that the claimant knew of the condition on Route 62 prior to his incident and that there was an opportunity for him to slow his vehicle down and avoid the hole prior to his vehicle striking it. Consequently, the Court is of the opinion that claimant is at least fifty percent negligent in this claim, and therefore the claimant may not make a recovery for his loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.